FILED
COURT OF APPEALS
DIVISION II

2014 OCT 23 AM 11: 36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In Re Marriage of: | No. 45235-9-II |
| | Consolidated with |
| BRIAN LEE MASSINGHAM, | 45238-3-II |
| Appellant, | |
| v. | |
| KAREN NICOLE MASSINGHAM, n.k.a. THEIL, | UNPUBLISHED OPINION |
| Respondent. | |

HUNT, J.P.T.[†] — We granted Brian Massingham's petition for discretionary review of the superior court's post-dissolution (1) denial of his motions for a change of judge and affidavit of prejudice in a parenting plan modification proceeding and (2) order addressing counseling in a contempt proceeding. Asserting that both the contempt and modification proceedings were separate from the underlying dissolution action, Massingham argues that the superior court erred in failing to grant his motions for a change of judge, in modifying the parenting plan without making the requisite findings under RCW 26.09.260 and .270, and in addressing counseling in a contempt proceeding. Holding that Massingham was not entitled to change the assigned judge, who had previously issued discretionary rulings in the case, we affirm the trial court's denial of

[†] Judge J. Robin Hunt was a member of the Court of Appeals at the time oral argument was heard on this matter. She is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

Massingham's motions. We remand to the superior court to enter statutorily required findings for the parenting plan modification (including any counseling) under RCW 26.09.260.

## FACTS

In May 2012, the Lewis County Superior Court dissolved the marriage of Brian Lee Massingham and Karen Nicole Thiel[1], and entered a parenting plan for their two children, then aged 13 and 11. The plan provided that (1) the parents would share decision-making authority over the children's non-emergency health care; and (2) the children would have approximately equal residential time with each parent.

The next month, Thiel filed a notice of intended relocation with the children from Adna (Lewis County) to Olympia. Massingham objected.[2] On September 14, the relocation proceedings trial judge, Judge Nelson Hunt,[3] entered a temporary order allowing Thiel's relocation to Olympia.

In January 2013, Massingham moved for change of judge from Judge Hunt and for a change of venue to Thurston County. On February 26, the trial court ruled that (1) Massingham's affidavit of prejudice was untimely because the court had already made two discretionary rulings before Massingham filed his affidavit; and (2) Massingham's motions "for a new judge and change of venue were factually baseless and without authority." Clerk's Papers (CP) at 55. The trial court dismissed Massingham's affidavit of prejudice and denied his motions for a new judge and for

---

[1] Formerly known as Karen Nicole Massingham.

[2] On July 30, 2012, the superior court also granted Thiel a six-month anti-harassment protection order against Massingham.

[3] Lewis County Superior County Judge Nelson Hunt is not related to Court of Appeals Division Two Judge J. Robin Hunt.

change of venue. The trial court also entered an order allowing Thiel to take the children to counseling.

While Massingham's Lewis County Superior Court motions for change of judge and change of venue were pending, (1) he withdrew his Lewis County Superior Court objections to Thiel's relocation; and (2) filed a petition to modify the parenting plan under a new cause number in Thurston County Superior Court, citing Thiel's relocation as a "substantial change in circumstance." CP at 193. Thiel moved under RCW 4.12.030(3) to change venue for Massingham's petition's from Thurston County Superior Court to Lewis County Superior Court. On April 19, the Thurston County Superior Court granted Thiel's motion "based upon convenience of witnesses and the ends of justice," transferred venue to Lewis County Superior Court, and awarded Thiel $1,500 in attorney fees. CP at 77.

On May 10, Thiel moved in Lewis County Superior Court for an order to show cause regarding contempt against Massingham based on his "failure to comply with" the Lewis County Superior Court's February 26, 2013 order allowing Thiel to take the children to counseling. CP at 267. One week later, Massingham filed an affidavit of prejudice against Judge Hunt and again moved for a new judge. On July 12, the trial court (1) denied Massingham's motion for a new judge and affidavit of prejudice; and (2) issued findings of fact, conclusions of law, and an order on motions regarding counseling, contempt, affidavit of prejudice, and attorney fees, declining to find Massingham in contempt, giving Thiel sole authority to select a counselor for the children, and awarding Thiel $500 in attorney fees for Massingham's "intransigence." CP at 351.

Massingham sought discretionary review of three orders: (1) the Thurston County Superior Court's order transferring venue to Lewis County for his parenting plan contempt proceeding; (2)

3

the Lewis County Superior Court's July 12, 2013 order denying his motion for new judge and affidavit of prejudice in his parenting plan modification proceeding; and (3) the Lewis County Superior Court's July 12, 2013 order on motions regarding counseling, contempt, affidavit of prejudice and attorney's fees. We granted review of the two July 12, 2013 Lewis County Superior Court orders; we denied review of the Thurston County Superior Court's transfer of venue to Lewis County.

## ANALYSIS

### I. RCW 4.12.050 RECUSAL

Massingham argues that the trial judge erred in refusing to recuse himself from the post-dissolution contempt and parenting plan modification proceedings. He contends that these proceedings were "new," thus entitling him to file an affidavit of prejudice *requiring* Judge Nelson Hunt to recuse himself under RCW 4.12.050. Thiel counters that the trial judge properly denied both of Massingham's motion for change of judge accompanied by affidavits of prejudice because neither motion was a "new" proceeding for RCW 4.12.050 purposes and the judge had already ruled in the case before Massingham filed these two motions. We agree with Thiel.

The record supports Thiel's assertion that the trial judge had made rulings in the case before Massingham filed his two motions and affidavits of prejudice under RCW 4.12.050 requesting a different judge. We hold, therefore, that Massingham had no right to seek the trial judge's recusal by filing these motions and affidavits of prejudice.

No. 45235-9-II consolidated with 45238-3-II

## A. Standard of Review

RCW 4.12.050[4] allows parties to obtain a new judge by filing a motion and affidavit of prejudice only *before* the assigned judge makes any discretionary rulings in the proceeding.[5] We review a judge's refusal to recuse for abuse of discretion. *In re Marriage of Meredith*, 148 Wn. App. 887, 903, 201 P.3d 1056 (2009). "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds. A trial court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993) (internal citations omitted).

---

[4] RCW 4.12.050(1) provides, in part:
> Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial before such judge: *PROVIDED, That such motion and affidavit is filed and called to the attention of the judge before he or she shall have made any ruling whatsoever in the case . . .*
> AND PROVIDED FURTHER, That no party or attorney shall be permitted to make more than one such application in any action or proceeding under this section and RCW 4.12.040.

(Emphasis added).

[5] Only if the challenged judge has not yet made a discretionary ruling in the case, does the judge lack discretion and must recuse and transfer the proceeding to another judge. *In re Marriage of Hennemann*, 69 Wn. App. 345, 346, 848 P.2d 760 (1993).

## B. Post-trial Motions Made in Same Case in Which Judge Had Already Ruled

Massingham contends that, because the contempt and parenting plan modifications were new proceedings separate from the original dissolution,[6] he was entitled to file motions for a change of judge, accompanied by statutory affidavits of prejudice, and to request a new judge to hear both post-trial motions. Massingham is correct that the contempt and parenting plan modification proceedings were distinct from the parties' underlying original dissolution trial. But Massingham is incorrect that these requests for change of judge proceedings were "new" for RCW 4.12.050 purposes: Instead, the contempt and modification proceedings became part of the same ongoing case in which Judge Hunt had originally dissolved their marriage. *See State v. Hawkins*, 164 Wn. App. 705, 713, 265 P.3d 185 (2011), *review denied*, 173 Wn.2d 1025 (2012).[7] Thus, these proceedings also were not "new" for RCW 4.12.050 purposes.

### 1. First motion for change of judge

We hold that the trial judge properly denied Massingham's first motion for change of judge, filed on January 9, 2013, because the judge had already made rulings in the parties' original

---

[6] Massingham also contends that his objection to Thiel's relocation was a different proceeding than his petition to modify the existing parenting plan; but he fails to show support this contention.

[7] Similarly, a retrial following reversal on appeal is "a continuation of the original action and, therefore, is the same case for purposes of RCW 4.12.050," even though it might present new issues arising from new facts that have occurred since the entry of final judgment. *See State v. Hawkins*, in which Division One of our court

> refused to treat a retrial after a mistrial as a new case, noting that "'case' . . . involves pretrial, trial, *posttrial* and appellate *proceedings*[,]" [because Hawkins' postrial] hearing was not based on new issues arising from new facts but was simply the most recent in a chain of posttrial proceedings that were all part of the original action.

164 Wn. App. at 713-14 (emphasis added) (quoting *State v. Clemons*, 56 Wn. App. 57, 59, 782 P.2d 219 (1989)).

dissolution proceeding, plus two subsequent discretionary rulings in the case, by the time Massingham filed his first motion and affidavit of prejudice: a September 14, 2012 ruling "allowing the respondent to temporarily relocate to Olympia" and a November 2, 2012 ruling "denying the petitioner's motion for a guardian ad litem." CP at 347. RCW 4.12.050(1) entitles a party to a judge's recusal only if the party files its motion and affidavit of prejudice "*before* [the trial judge] shall have made any ruling whatsoever in the case." (emphasis added). Because Judge Hunt had already made discretionary rulings in this same case, RCW 4.12.050 did not entitle Massingham to the trial judge's recusal.

### 2. Second motion for change of judge

We further hold that the trial judge properly denied Massingham's May 17, 2013 motion for change of judge because RCW 4.12.050 also precludes a party from making "more than one such [recusal] application in any *action* or proceeding under this section." RCW 4.12.050(1) (emphasis added). As with Massingham's first motion for change of judge, this second motion for change of judge, and its accompanying affidavit of prejudice, were also filed in the same underlying dissolution action. Therefore, Massingham was not entitled to file this second motion for change of judge under the statute.

We affirm the trial court's denials of Massingham's two motions for change of judge.

### II. JURISDICTION TO HEAR CONTEMPT MOTION

Massingham also argues that (1) the trial judge "exceeded his jurisdiction, power, or authority by not recusing himself and deciding the merits of [Thiel's] contempt motion"; and (2) therefore, we must reverse the contempt order. Br. of Appellant at 20. Massingham contends that his motions for change of judge and affidavits of prejudice immediately divested the trial judge of

jurisdiction to hear further proceedings and, consequently, the trial judge lacked authority to enter an order on Thiel's contempt motion. We have already held that the trial judge did not exceed his authority in denying Massingham's motions to recuse; thus, this argument about divestment of the trial court's authority to hear the contempt motion also fails.

### III. APPEARANCE OF FAIRNESS

Massingham next argues that the trial court erred in denying his motions for a new judge based on the appearance of bias or prejudice. Thiel counters that the trial judge showed "no actual or apparent bias." Br. of Resp't at 11. The record supports Thiel's assertion.

Massingham asserts that the trial judge's "'*impartiality may be reasonably questioned*'" because the trial court's July 12, 2013 order denying his motion for new judge and affidavit of prejudice purported to require him to show "actual prejudice" to obtain the judge's recusal under RCW 4.12.050. Br. of Appellant at 29 (quoting *Meredith*, 148 Wn. App. at 903).

Massingham further contends that the trial judge's July 12 order used an improper legal standard in ruling that he (Massingham) "'did not present any evidence or file an affidavit as required by RCW 4.12.050, that would substantiate that Judge Hunt *is prejudiced* against the petitioner or his counsel.'" Br. of Appellant at 29 (emphasis added) (quoting finding of fact 11 at CP at 347-48). Massingham (1) asserts that this quoted language is evidence that the trial judge applied an incorrect "actual prejudice"[8] standard to his motions; and (2) argues that the trial judge should have evaluated his (Massingham's) affidavit of prejudice using the legal standard asking

---

[8] Br. of Appellant at 29.

8

whether the trial judge's "'*impartiality may reasonably be questioned*'" and then recused himself. Br. of Appellant at 29 (quoting *Meredith*, 148 Wn. App. at 903). Massingham's argument fails.

First, Massingham fails to show that the trial court applied an incorrect "actual prejudice"[9] legal standard. Rather, the trial judge's order rejected Massingham's motion for a new judge on the grounds that he (the trial judge) had already made discretionary rulings before Massingham moved for a change of judge, not on Massingham's failure to show prejudice.

Second, as the proponent on appeal that the trial judge should have recused for bias, Massingham has the burden to provide evidence of the trial judge's actual or potential bias. *State v. Lundy*, 176 Wn. App. 96, 109, 308 P.3d 755 (2013). Massingham fails to fulfill this burden: He fails to show any actual or potential bias by the trial judge at any point in the proceedings below, including, as he contends, in finding of fact 11 of the trial court's order on petitioner's motion for new judge and affidavit of prejudice. And despite Massingham's assertion that the trial court's criticisms of his counsel in finding of fact 11 evinced the "appearance of bias or prejudice,"[10] we hold that the trial judge did not make any improper statements warranting recusal. Massingham's argument fails.

## IV. COUNSELING ORDER

Last, Massingham argues that the trial court abused its discretion when it modified the May 2012 permanent parenting plan by giving Thiel sole decision making authority over the children's counseling without following the required procedures in RCW 26.09.260 and .270. Thiel counters

---

[9] Br. of Appellant at 29.

[10] Br. of Appellant at 3.

9

that the trial court did not improperly modify the parenting plan because (1) the trial court's order was merely temporary, and (2) the trial court acted in the children's best interests by giving Thiel only temporary power to choose a counselor. To the extent that the trial court failed to comply with RCW 26.09.260, we agree with Massingham.

"A [parenting plan] modification . . . occurs when a party's rights are either extended beyond or reduced from those originally intended in the decree." *In re Marriage of Christel & Blanchard*, 101 Wn. App. 13, 22, 1 P.3d 600 (2000). Modification is different from a "'clarification,'" which is "'merely a definition of the rights which have already been given and those rights may be completely spelled out if necessary.'" *In re Marriage of Holmes*, 128 Wn. App. 727, 734-35, 117 P.3d 370 (2005) (quoting *Christel*, 101 Wn. App. at 22). Here, the trial court modified the parties' May 2012 permanent parenting plan's original explicit provisions that the parties were to make non-emergency health care decisions jointly: The court's July 12, 2013 order on motions regarding counseling, contempt, affidavit of prejudice, and attorney's fees removed this joint decision-making and gave Thiel the unilateral right to choose the children's counselor, a non-emergency health care provider. This ruling reduced Massingham's rights and extended Thiel's rights beyond those in the dissolution's original parenting plan. Thus, it was a parenting plan modification.

When modifying a parenting plan or custody decree, the trial court must follow the

procedures in RCW 26.09.260 and .270.[11] RCW 26.09.260(1); *In re Parentage of C.M.F.*, 179 Wn.2d 411, 419, 314 P.3d 1109 (2013). For example, the trial court must find a "'substantial change in circumstances'" in order to modify a parenting plan or decree, even if the proposed modification is minor. *In re Marriage of Kirshenbaum*, 84 Wn. App. 798, 807, 929 P.2d 1204 (1997) (quoting RCW 26.09.260(1)). Thus, in modifying the parenting plan at issue here, the trial court was required to follow RCW 26.09.260 and .270, including finding whether a substantial change in circumstances had occurred; but it did not. We hold that the trial court erred in failing to make the required statutory findings.[12]

We affirm the trial court's denial of Massingham's two motions to change judge, with their accompanying affidavits of prejudice.[13] With respect to the trial court's modification of the parties' parenting plan provision for decision-making authority over counseling for the children,

---

[11] RCW 26.09.260(1) sets forth the statutory requirements for modifying a parenting plan, which include, in part, that

> the court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

[12] Thiel contends that RCW 26.09.260 and .270 did not apply because the July 12 parenting plan counseling modification was merely temporary. But the record before us on appeal does not show that the trial court specified that this parenting plan modification was temporary; nor did it set a date when this modification would expire. We agree with Massingham that the plain meaning of the trial court's order made Thiel's right to choose a counselor permanent. Thus, the trial court was required to comply with RCW 26.09.260 before making such permanent change to the parenting plan.

[13] Because Massingham is not the substantially prevailing party, we decline to award him attorney's fees. RAP 18.1.

No. 45235-9-II consolidated with 45238-3-II

we remand to the trial court to enter the necessary supporting findings in compliance with chapter 26.09 RCW.[14]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Hunt, J.P.T.

We concur:

_____
Bjorgen, A.C.J.

_____
Lee, J.

---

[14] If on remand the trial court does not enter the requisite findings, then it shall vacate its order modifying the parenting plan to give Thiel sole decision-making authority over the children's counseling.