IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANTHONY GRABICKI, UNITED STATES TRUSTEE, | ) ) ) | No. 32336-6-III |
| Respondent, | ) ) ) | |
| v. | ) ) ) | PUBLISHED OPINION |
| LINDA BAYS, AGENTS/SERVANTS OF LINDA BAYS, ANGELA THUNSTROM, WILLIAM KLINGER, SR., THE LINJERICKS SOCIETY, an unincorporated society, THE LINJERICKS SOCIETY, a corporation sole, THE SONLIGHT PATHWAY SOCIETY, a corporation sole, AND ALL SQUATTERS, TENANTS, OR OTHER UNKNOWN RESIDENTS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Appellants. | ) | |

KORSMO, J. — Linda Bays appeals a Stevens County order ejecting her from property in the Kettle Falls area, claiming that the visiting judge who signed the order was not shown to have been properly brought into the case. We reject this argument because governing authority presumes that a visiting judge has been properly assigned to act in the absence of contrary evidence—which we do not have in this case. Accordingly, we affirm the judgment and also deny various motions brought by both sides.

No. 32336-6-III
*Grabicki v. Bays*

## FACTS

Respondent Anthony Grabicki served as bankruptcy trustee of the David Bays bankruptcy estate. The bankruptcy court quieted title in the Kettle Falls property in Mr. Grabicki as trustee over the objection of several people, including Ms. Bays. The trustee then brought the current action for ejectment of the people living on the Kettle Falls property in 2012.

Ms. Bays responded by filing a "cross claim" that added a number of other individuals to the suit, including some Spokane County Superior Court judges. The two tri-county judges then recused themselves from this action. Presiding Judge Ellen Kalama Clark of the Spokane County Superior Court appointed first Judge John Strohmaier[1] of the Lincoln County Superior Court, and subsequently, Judge David Frazier of the Whitman County Superior Court to hear the case.

Judge Frazier presided over the matter and rejected Ms. Bays' pro se argument, made in the context of a claim that she had removed the case to federal court, that Judge Frazier lacked authority to hear the case since he had not filed an oath as a judge pro tempore. Report of Proceedings (RP) at 2-4. Judge Frazier indicated that he was acting as a visiting judge in accordance with the assignment by Judge Clark. RP at 4. Judge

---

[1] Our record suggests, but does not establish, that a party filed an affidavit of prejudice against Judge Strohmaier.

2

Clark had become involved after Judge Nielson asked the Stevens County court administrator to confer with Spokane County Superior Court about finding a judge. *Id.*

Ms. Bays, the former wife of David Bays, defended the action on various theories that attempted to collaterally attack the decision of the bankruptcy court as well as the decision in her marriage dissolution case. Ultimately, Judge Frazier granted the order ejecting Ms. Bays and the others from the property.

Ms. Bays appealed to this court. The parties filed several motions that are relevant to this decision. Mr. Grabicki, after losing a motion to add evidence to the record on appeal, successfully obtained an order granting accelerated review of the case in light of its lengthy history. Our commissioner passed to the panel a motion by Ms. Bays for sanctions against the respondent.

## ANALYSIS

The sole challenge presented by the appeal is to the authority of Judge Frazier to hear the matter rather than to the substantive ruling evicting her from the property. In light of the appellant having unsuccessfully argued a similar theory in the appeal to this court of her dissolution action, respondent asks for sanctions for responding to a frivolous appeal. We first address the appellant's argument.

Article IV, § 7 of the Washington constitution provides in part:

> The judge of any superior court may hold a superior court in any county at the request of the judge of the superior court thereof, and upon the request of the governor it shall be his or her duty to do so. A case in the

3

superior court may be tried by a judge pro tempore either with the agreement of the parties if the judge pro tempore is a member of the bar, is agreed upon in writing by the parties litigant or their attorneys of record, and is approved by the court and sworn to try the case; or without the agreement of the parties if the judge pro tempore is a sitting elected judge and is acting as a judge pro tempore pursuant to supreme court rule. . . . However, if a previously elected judge of the superior court retires leaving a pending case in which the judge has made discretionary rulings, the judge is entitled to hear the pending case as a judge pro tempore without any written agreement.

Similarly, RCW 2.08.150 provides in part: "Whenever a like request shall be addressed by the judge, or by a majority of the judges (if there be more than one) of the superior court of any county to the superior judge of any other county, he or she is hereby empowered . . . to hold a session of the superior court of the county the judge or judges whereof shall have made such request."

An appellate court applies de novo review to the interpretation of both constitutional provisions and statutes. *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004). The goal of statutory interpretation is to give effect to legislative intent, typically discerned from the plain language of the statute. *Tesoro Ref. & Mktg. Co. v. Dep't of Revenue*, 164 Wn.2d 310, 317, 189 P.3d 28 (2008). Only if the statutory language is ambiguous does a court turn to tools of statutory construction. *Id.* at 317-18. Similarly, words in a constitutional provision are given their common and ordinary meaning. *State ex rel. Albright v. City of Spokane*, 64 Wn.2d 767, 770, 394 P.2d 231 (1964).

Ms. Bays argues that Judge Frazier acted without constitutional authority because (1) he was assigned the case by a Spokane County judge rather than a Stevens County

4

judge, and (2) he did not take an oath as a judge pro tempore. We give short shrift to the second argument because Judge Frazier expressly told Ms. Bays on the record he was acting as a visiting judge rather than as a pro tempore. RP at 4. No party claims otherwise.

The dispositive issue is whether Judge Frazier was acting as a visiting judge in accordance with Article IV, § 7 and RCW 2.08.150. The specific issue here is whether the source of his authority to act in a Stevens County matter had to be in the record. That issue has twice before been decided.

The controlling case on the construction of the noted constitutional provision and accompanying statute is *State v. Holmes*, 12 Wash. 169, 40 P. 735 (1895). There a Spokane County Superior Court judge sat and heard a King County murder trial at the request of a King County Superior Court judge. *Id.* at 171. The defendant did not challenge the jurisdiction of the Spokane judge to hear the case and there was "nothing in the record in this cause to show in what manner Judge Moore was authorized to hold court in King county [sic] at the time of the trial of this case." *Id.* An after-the-fact authorization was filed by the King County judge who issued the invitation, but the other two King County judges denied joining in a request for the judge to visit. *Id.* at 171-72.

Our court decided that "it will be presumed that the court in each instance acted within its jurisdiction, in the absence of an affirmative showing to the contrary." *Id.* at 173. The court further "observed that neither the constitution nor the statutes in this state

5

make provision for the spreading upon the record of the fact that the visiting judge has been called to hold court either by the governor or by the judges in the county where the term of court is held." *Id.* at 174. The burden was therefore placed on the party contesting jurisdiction to present the issue to the trial court rather than first gamble on a verdict before raising the jurisdictional challenge. *Id.* at 180.

*Holmes* remains good law. *See State v. Hawkins*, 164 Wn. App. 705, 711-12, 265 P.3d 185 (2011).[2] The sole distinction between this case and *Holmes* is that Ms. Bays did raise, albeit in a muddled[3] form, a trial court challenge to Judge Frazier's authority to hear the case. However, she did not present any evidence indicating that he had not been properly requested to serve as a visiting judge. The order appointing Judge Frazier and signed by Judge Clark was in the record, but the basis for Judge Clark's authority to act was not.[4]

---

[2] In *Hawkins*, a visiting judge had ruled on a posttrial motion after the local judges had all recused. 164 Wn. App. at 709. The following year another motion had to be addressed and the visiting judge returned to rule on the new motion. *Id.* at 710. Division One applied *Holmes* and ruled that the visiting judge had been appropriately requested in the absence of evidence to the contrary. *Id.* at 712.

[3] Her trial court argument appeared to assume that Judge Frazier had not been properly requested by the Stevens County judges and was therefore, if anything, serving as a judge pro tempore without having been agreed to by the parties or properly sworn by the Stevens County judges.

[4] The limited record before us does not indicate whether Judge Clark was appointed by a Stevens County judge or how otherwise she was assigned the case.

We believe that Ms. Bays, in order to meet her burden under *Holmes*, needed to present evidence indicating that she had reviewed the record and determined that no order appointing Judge Clark was present in the court file or in some other manner to provide affirmative evidence that Judge Clark was not authorized to act on the case. In other words, Ms. Bays had to determine how the case had been assigned and then obtain evidence from the actors to set the facts in the record that would demonstrate a visiting judge had not properly been requested. She failed to present any affirmative evidence and, hence, did not meet her burden under *Holmes*.

While we do not fault any of the judges or administrators who acted in this case, we do suggest that counties that call upon visiting judges have appropriate orders of appointment in the court file or otherwise respond to settle the record when a party formally expresses concern over the authority of a visiting judge. We take notice that visiting judges frequently decide matters outside of their home counties, especially in our rural areas.[5] The frequency of visiting judges suggests that well-practiced procedures are in place to summon aid when a local judge cannot hear a case. It should be easy to document the process when a litigant questions the visiting judge's authority.

---

[5] Seven of the twenty counties in Division Three have only a single superior court judge and six others have only two judges; three of the remaining seven counties have but three judges. These limited numbers all but assure that the superior court judges of eastern Washington will regularly need to assist neighboring counties.

7

We thus turn, briefly, to the motions before the court. Mr. Grabicki seeks attorney fees for having to respond to a frivolous appeal. He points to the delaying tactics used by Ms. Bays for several years, her presentation of a similar challenge (although resolved by the evidence in the record) to a visiting judge's authority in the appeal of her marriage dissolution case, and the fact that *Holmes* (and *Hawkins*) controlled the result of this case. While we understand and share respondent's concern that this appeal, which does not challenge the merits of the trial court's ruling, appears to have been brought primarily for the purpose of delay, it was not without merit. Because we believed this case turned on what Ms. Bays needed to do to meet her burden under *Holmes* after arguably raising the issue to the trial court, we decline to find it frivolous.

The appellant's motion for sanctions is without merit. We do not see where respondent used evidence that was not admitted in the other motion. Moreover, just because evidence is not added to the record on appeal does not mean it is irrelevant for other purposes. Ms. Bays has not demonstrated prejudicial error.

Finally, respondent asks that this court issue a nonappealable writ of restitution requiring Ms. Bays to be off the property within 10 days of the issuance of the mandate in this case. This motion, because it does not preclude hearing the case on the merits, should not have been included in the brief. RAP 17.4(d). Assuming that this court had the authority to issue such an order, it would not be necessary in this case since the issuance of the mandate will result in the trial court's order of ejectment taking effect.

No. 32336-6-III
*Grabicki v. Bays*

That Ms. Bays is still on the property, if she even remains there at this time, is by the

grace of the trial judge. A more rapid eviction order was appropriately addressed to the

trial court.

Affirmed.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

9