# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57222-2-II |
| Respondent, | |
| v. | |
| TROY ALLEN FISHER, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J. – In 2013, Troy Fisher was convicted of first degree murder and second degree murder for the same homicide. In 2021, Fisher filed a motion for relief from his judgment and sentence in superior court arguing, in relevant part, that his conviction for second degree murder and the references to that conviction in his judgment and sentence violated double jeopardy principles. The motion was ultimately transferred to the Washington Supreme Court, which dismissed most of Fisher's arguments but remanded to the superior court to file an amended judgment and sentence removing any reference to the second degree murder conviction.

At a hearing to correct the judgment and sentence, Fisher appeared and purported to object to his appointed counsel. The trial court repeatedly explained that the purpose of the hearing was simply to correct the judgment and sentence in accordance with the Supreme Court's order and did not further engage with Fisher about his representation.

Fisher appeals, arguing that the trial court denied his right to counsel by failing to fully inquire into his request to proceed pro se. He also contends that the court then denied his right to

self-representation by not allowing Fisher to represent himself and to make additional arguments at the hearing. Fisher also argues that the second amended judgment and sentence violates double jeopardy principles. Because the trial court merely corrected a ministerial error as directed in the Supreme Court's order and exercised no discretion, the trial court did not violate Fisher's right to assistance of counsel or self-representation. Accordingly, we affirm.

FACTS

In 2013, following a bench trial, Troy Fisher was convicted of first degree murder and second degree murder for the same homicide. The trial court acknowledged that the second degree murder conviction would merge with the first degree murder conviction and imposed an exceptional sentence. On appeal, we reversed the exceptional sentence and remanded for resentencing within the standard range. On remand, the trial court issued an amended judgment and sentence imposing a standard range sentence. The amended judgment and sentence became final in 2017.

In 2021, Fisher filed a motion for relief from his judgment and sentence in superior court. The superior court transferred the motion to us for consideration as a personal restraint petition, which we determined was improperly successive but possibly exempt from the one-year time bar. Accordingly, we transferred the petition to the Supreme Court. In the petition, Fisher argued that his conviction for second degree murder and the continued reference to that conviction in his amended judgment and sentence violated double jeopardy principles requiring a judgment of acquittal for second degree murder. Fisher also argued that his sentence exceeded the standard range, and the second degree murder conviction was not proven.

A commissioner of the Supreme Court conditionally dismissed Fisher's petition, rejecting most of his arguments but ruling that the continued reference to Fisher's conviction for second degree murder violated double jeopardy such that entry of a second amended judgment and sentence with no such reference was appropriate. Ruling Conditionally Dismissing Pers. Restraint Pet., *In re Pers. Restraint of Fisher*, No. 100626-8 (Wash. March 3, 2022). The Supreme Court's ruling stated, "The personal restraint petition is dismissed on the condition the State promptly procure from the superior court an amended judgment and sentence with no reference to the second degree murder conviction and file a copy of the amended judgment in this court within 30 days of procurement." *Id*. at 3.

At a hearing in the trial court for presentation of an amended judgment and sentence, the State presented a second amended judgment and sentence removing any reference to the murder in the second degree charge and otherwise leaving the judgment and sentence exactly the same. The State informed the court "the personal restraint petition is dismissed once we [make the one change]. So, there's nothing else to be argued or addressed." Verbatim Rep. of Proc. at 3.

The trial court asked Philip Ard, who appeared on behalf of Fisher, if he had any response. Fisher interrupted the trial court, "Wait, wait, wait, wait. I'm sorry. Mr. Ard does not represent me. I don't know who this guy is. I'm the one that's supposed to be notified. I'm the one that's supposed to be informed on what we're doing." *Id.* at 4. Fisher claimed to have had no contact with Ard and stated that he disagreed with the second amended judgment and sentence.

The trial court briefly explained to Fisher that the Supreme Court addressed his argument and did not find it persuasive, noting, "At any rate, we're not here for resentencing. That's not what we're here to do. We're here to enter a Judgment & Sentence pursuant to the Order of the

3

Commissioner of the Supreme Court." *Id.* at 4-5. The trial court asked Ard if he had anything else to say, to which Ard responded, "I don't have anything to add, other than I reviewed it. I do believe that the Second Amended Judgment & Sentence complies with the Supreme Court's Order." *Id*. at 5.

Fisher remarked, "I don't understand why he's speaking for me." *Id.* The trial court explained that Ard was his appointed attorney, to which Fisher responded, "I didn't waive my right to represent myself." *Id.* The trial court reiterated that the point of the hearing was simply to enter an amended judgment and sentence pursuant to the Supreme Court's order. Ard offered to operate as standby counsel if Fisher wished to represent himself. The trial court responded:

> Well, I mean, we can structure things today like that, but candidly, you know, I'm not really going to accept any other argument because I have read the ruling, conditionally dismissing the personal restraint petition twice to make sure I understand it, and we're not here for resentencing. We're here to simply comply with the Order of the Court and to enter a new Judgment & Sentence, a Second Amended Judgment & Sentence, that has no reference to a murder in the second degree conviction.

*Id.* at 6.

Fisher stated, "I object to all this, the whole proceeding," claiming he was not prepared and did not understand why Ard was appointed to his case. *Id.* at 7. Fisher refused to sign the second amended judgment and sentence. Fisher appeals.

## ANALYSIS

Fisher argues that the trial court denied his right to counsel by failing to properly determine whether he was waiving counsel. He further argues that the trial court then violated his right to self-representation during the hearing. We disagree.

4

No. 57222-2-II

A criminal defendant has a right to the assistance of counsel at every critical stage of a criminal proceeding, including sentencing. *See* U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Robinson*, 153 Wn.2d 689, 694, 107 P.3d 90 (2005). A critical stage is "one where 'a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected.'" *State v. Heng*, No. 101159-8, slip op. at 8 (Wash. Dec. 7, 2023),[1] (internal quotation marks omitted) (quoting *State v. Heddrick*, 166 Wn.2d 898, 910, 215 P.3d 201 (2009)). Resentencing can be a critical stage of the proceedings if it involves "more than the court's performing a ministerial act." *State v. Davenport*, 140 Wn. App. 925, 932, 167 P.3d 1221 (2007). On the other hand, where the law prescribes and defines the court's duty as to leave nothing to the exercise of discretion or judgment, the performance of that duty is a ministerial act. *City of Bothell v. Gutschmidt*, 78 Wn. App. 654, 662-63, 898 P.2d 864 (1995).

This case is similar to *State v. Hawkins*, 164 Wn. App. 705, 715, 265 P.3d 185 (2011). There, we held that a defendant's right to counsel was not violated when he was not appointed counsel for a postconviction hearing at which the trial court simply made a ministerial correction to the judgment and sentence. Here, the trial court merely corrected the judgment and sentence to remove references to the second degree murder conviction, as explicitly directed by the Supreme Court. The sentence was unmodified except to remove the references; substantively, the sentence remained exactly the same. Because the court exercised no discretion, its act was merely ministerial. Consequently, as in *Hawkins*, the trial court's decision not to engage with Fisher's

---

[1] https://www.courts.wa.gov/opinions/pdf/1011598.pdf.

5

arguments about appointed counsel or self-representation did not violate Fisher's constitutional rights.

Moreover, even if Fisher's rights were violated, any such violation was harmless beyond a reasonable doubt. *Heng*, slip op. at 12. The trial court exercised no discretion, it simply made a ministerial correction; Fisher's representation, whether by counsel or not, could not have altered the result of the hearing.

Fisher also argues that remand is necessary because the second amended judgment and sentence "references multiple convictions in violation of double jeopardy." Appellant's Opening Br. at 15. But the record does not support his contention. The second amended judgment and sentence does not reference the second degree murder conviction anywhere.

In a statement of additional grounds for review, Fisher makes several additional arguments, none of which are meritorious. First, he argues that the trial court erred by not entering new findings of fact and conclusions of law to match the second amended judgment and sentence. But there was no requirement that the trial court entered new findings or conclusions. As previously discussed, the trial court did not exercise any discretion, make factual findings, or draw legal conclusions; the trial court simply corrected a ministerial error. As such, there was no need to create new written findings or conclusions pertaining to Fisher's convictions.

Fisher also argues that Ard rendered ineffective assistance of counsel by not investigating, preparing, or contacting Fisher prior to the hearing to correct the judgment and sentence. As discussed, the trial court exercised no discretion at the hearing. No evidence was considered. No arguments were made. The purpose of the hearing was to simply correct the judgment and sentence in accordance with the Supreme Court's remand, which is what the trial court did. Under these

circumstances, Fisher cannot show that he was prejudiced by counsel's conduct. *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017). Accordingly, this argument fails.

Fisher also argues that the trial court denied him due process and that he should have been permitted to raise issues related to his original sentencing and first appeal at the hearing amending the judgment and sentence. But the law is clear that the trial court's authority to address issues on remand is limited by the scope of the appellate court's mandate. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). Here, the Supreme Court remanded for the trial court to simply correct a ministerial error in the judgment and sentence, it did not remand for resentencing. Accordingly, the trial court did not err by limiting argument at the hearing.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J

We concur:

Price, J.

Che, J.