[No. 22874-9-I.   Division One.   November 20, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH W. CLEMONS, *Appellant*.

58

*Julie A. Kesler* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Peter Goldman, Deputy*, for respondent.

FORREST, J.—Kenneth Wayne Clemons appeals from his conviction of manslaughter in the first degree, contending that the court erred in denying his motion and affidavit for change of judge and in refusing to grant a mistrial for a violation of an order in limine. We affirm.

Clemons was charged with murder in the second degree in the killing of John Lopez. The jury acquitted him of murder in the second degree, but was deadlocked on the lesser included offense of manslaughter in the first degree. The trial judge declared a mistrial and reset the case on the omnibus calendar. When the case was sent out again for retrial it was assigned to the same trial judge, apparently at random. The defendant then filed a motion and affidavit for change of judge, which was denied on the basis of the judge having made discretionary rulings in the preceding trial.

The court granted a motion in limine excluding testimony about any prior bad acts by Clemons. During trial, Officer Katzer testified he heard a radio transmission about a homicide that mentioned the name Ken Clemons. He then testified, "We, my partner and I, well, we knew Ken Clemons from prior contacts, and we radioed the information about more descriptions, like a date of birth, and possible addresses that he might be heading to in High Point." There was no objection, but during the next recess Clemons moved for a mistrial on the basis of the violation of the order in limine. The motion was denied. Clemons was convicted of manslaughter in the first degree.

## Disqualification of Trial Judge

RCW 4.12.040 and .050 establish the procedure for a party to disqualify a judge. The statutory history and a number of cases applying the statutes are reviewed in *Marine Power & Equip. Co. v. Department of Transp.*[1] Neither the express language nor any of the cases cited by either counsel control the resolution of the issue before us, which is: When a mistrial has been declared and the case comes on for retrial before the same trial judge, can a party file an affidavit of prejudice? The significant statutory language is:

> *Provided,* That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever *in the case,* . . . and before the judge presiding has made any order or ruling involving discretion . . .

RCW 4.12.050. (Italics ours.) Clemons promptly filed his motion as soon as he knew that the case was assigned to the same judge for retrial. Accordingly, the question is whether the phrase "in the case" includes rulings made during the trial in which the mistrial was ordered. Is there one "case" with two trials or is each trial a separate case?

It is significant that RCW 4.12.050 uses the word "case" rather than "trial". As normally used, "case" is broader and more inclusive than "trial". It involves pretrial, trial, post-trial and appellate proceedings.[2] In applying RCW 4.12-.050, the appellate decisions use the phrase "a new proceeding" to indicate that it is not "in the case".[3] Although we prefer to analyze in the statutory language, we see no substantive difference: a finding that the matter is "a new proceeding" means that it is not "in the case".

The following have been held to constitute "new proceedings": modification of the child custody provisions of a

---

[1] 102 Wn.2d 457, 461–65, 687 P.2d 202 (1984).

[2] We do not need to consider whether on remand after appeal that a party would be entitled to an affidavit against the original trial judge.

[3] See footnotes 4 through 8.

dissolution decree,[4] and deprivation proceedings following a prior hearing establishing delinquency.[5] The following have been held not to be "new proceedings": appointment of a new administrator following a will contest;[6] fixing attorney fees following a will contest;[7] and disbursement of funds paid into court in an unlawful detainer action and then garnished.[8] None resolve the issue before us.

 ▉ In finding that a custody modification is a "new proceeding", the court emphasized that it "presents new issues arising out of new facts occurring since the entry of the decree. It is not ancillary to or in aid of the enforcement of the divorce decree."[9] Here we do not have new issues arising out of new facts occurring since the trial. We recognize, of course, that the issue as to second degree murder has been removed by the jury's partial verdict. We do not deem this significant. It is commonplace for various causes of action or various crimes to be eliminated before a case goes to the jury, yet no one would argue that it does not remain the same "case". It is equally immaterial whether the mistrial was declared early in the trial or, as in this case, at the conclusion as the result of a hung jury.

Examining the purpose of statutory scheme gives clear guidance as to resolution of the issue before us. Every lawsuit must have a loser. This will be easier to bear if, before proceedings begin, the loser had the right to remove a judge who he thought might not be fair to him. The justification

---

[4]*State ex rel. Mauerman v. Superior Court*, 44 Wn.2d 828, 830, 271 P.2d 435 (1954).

[5]*In re Gibson*, 4 Wn. App. 372, 378–79, 483 P.2d 131, *review denied*, 79 Wn.2d 1003 (1971).

[6]*In re Estate of Thomas*, 167 Wash. 127, 132–33, 8 P.2d 963 (1932).

[7]*In re Estate of Shaughnessy*, 104 Wn.2d 89, 93–94, 702 P.2d 132 (1985).

[8]*Wilson v. Henkle*, 45 Wn. App. 162, 172, 724 P.2d 1069 (1986).

[9]*State ex rel. Mauerman v. Superior Court*, 44 Wn.2d at 830.

for the rule (first by court decision,[10] subsequently by statutory amendment[11]) that the affidavit must be filed before discretionary rulings are made is equally clear:

> we cannot conclude that it was intended . . . that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.

*Marine Power & Equip. Co. v. Department of Transp.* 102 Wn.2d at 462, quoting *State ex rel. Lefebvre v. Clifford, supra.*

Clemons did not choose to file an affidavit when the case was first assigned to the trial judge, presumably because he was satisfied that he would receive a fair trial. The only change of circumstance is that the judge has made discretionary rulings which Clemons presumably now feels to be unfavorable. This is exactly the "judge shopping" that the timeliness requirement is designed to prevent.

A retrial following a mistrial does not constitute double jeopardy.[12] While the policy considerations are somewhat different, this rule supports treating a retrial as "in the case" and not as a "new proceeding." This result is also consistent with the view that a retrial follows a trial which for one reason or another was not completed, with the purpose of completing the unfinished business.

This interpretation implements the statutory purpose by allowing a party to eliminate a judge in advance to enhance the sense of fairness, but prohibits the elimination of a

---

[10]*State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 315, 118 P. 40 (1911).

[11]Laws of 1927, ch. 145, § 2, p. 128. RCW 4.12.050.

[12]*State v. Hopson*, 113 Wn.2d 273, 278, 778 P.2d 1014 (1989); *Oregon v. Kennedy*, 456 U.S. 667, 676, 72 L. Ed. 2d 416, 102 S. Ct. 2083 (1982).

judge once he has made discretionary rulings, thus preventing "judge shopping". The court did not err in denying Clemons' motion for a change of judge.

### VIOLATION OF IN LIMINE ORDER

■ Clemons argues that the court erred in not granting a mistrial after Officer Katzer stated that he knew Clemons from "prior contacts" in violation of the order in limine. While such a violation may necessitate a mistrial, it does not necessarily do so.[13] Great weight is placed on the sound discretion of the trial court, which is not reversed absent a showing of an abuse of discretion.[14] From a review of the record, it is apparent that this comment was not intentionally solicited and was not in any way expanded upon. Defense counsel did not request a curative instruction, nor accept the court's offer for him to question the jurors as to the effect of the remark. While being known to a police officer may be suggestive of bad acts, it is certainly not conclusive. Against the backdrop of all the evidence, this incident is insignificant. We find no abuse of discretion.

The judgment is affirmed.

COLEMAN, C.J., and SWANSON, J., concur.

Review denied at 114 Wn.2d 1005 (1990).

---

[13]*State v. Weber*, 99 Wn.2d 158, 164–65, 659 P.2d 1102 (1983).

[14]*State v. Escalona*, 49 Wn. App. 251, 255, 742 P.2d 190 (1987).