IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | No. 31322-1-III |
| JENNIFER HALL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM BROUILLET, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, C.J. — In *State ex rel. Mauerman v. Superior Court*, 44 Wn.2d 828, 271 P.2d 435 (1954), the Washington Supreme Court held that a petition to modify the custody provisions of a divorce decree was a new proceeding within the meaning of Washington statutes entitling parties to litigation to one change of judge, with the result that the mother had a right to file an affidavit of prejudice and thereby disqualify the judge who had presided over her divorce. The Supreme Court refused to indulge the argument that "because the judge who settles the issue of custody of children at the trial of a divorce case is acquainted with the problem, he should not be disqualified from later proceedings." *Id.* at 830. It held, "If the proceeding is one within the meaning of the cited statutes, a motion for a change of judges presents no question of discretion or policy. It must be granted as a matter of right." *Id.* The same result obtains under the

present modification statute, RCW 26.09.260, and under RCW 4.12.050, which allows a party to litigation to disqualify one judge in a proceeding as a matter of right.

Jennifer Hall, having commenced this action to modify the parenting plan for her daughter, filed a timely motion and affidavit of prejudice seeking to disqualify the superior court judge who presided over the parentage action in which the existing parenting plan was entered. *Mauerman* is controlling. Ms. Hall's motion for change of judge should have been granted as a matter of right.

We reverse the superior court's denial of the motion for change of judge. We remand with directions to vacate any action taken by the disqualified judge and to transfer the petition to another department of the court.

## FACTS AND PROCEDURAL BACKGROUND

Jennifer Hall and William Brouillet are the natural parents of a daughter whose parentage was resolved in an action presided over by Judge Annette Plese. On January 11, 2012, Judge Plese signed a parenting plan in that proceeding that divided the daughter's time almost equally between Ms. Hall and Mr. Brouillet. Although a copy of this original plan is not in the record on appeal, it is evident from the record that Judge Plese's order also resolved a dispute between the parties over where the daughter should attend school; Mr. Brouillet wished for her to attend school in the Mead area, where he lived, but Ms. Hall had since moved to Liberty Lake and wanted her daughter to attend school there. The court ordered that the daughter would attend school in Mead. And

2

Judge Plese evidently also retained some type of jurisdiction over matters addressed by her order. At one point Mr. Brouillet's trial lawyer argued,

> [T]he parenting plan in January was entered by agreement. The agreement contained paragraphs 2.1 and 2.2, which specifically states that the parties have agreed this Court will retain jurisdiction over the parenting plan at least to the extent of any allegations as to parental conduct.

Clerk's Papers (CP) at 130. Neither party has made Judge Plese's January 11, 2012 original order a part of the record.[1]

On August 29, 2012, Ms. Hall commenced the action below by filing a summons and petition for modification of the parenting plan, using the mandatory petition form for such an action. The modified parenting plan that she proposed provided that her daughter would live with her in Liberty Lake upon enrollment in school, and stay with Mr. Brouillet every other weekend. She sought modification under RCW 26.09.260(1), which provides that ordinarily the court shall not modify a prior parenting plan,

> unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

---

[1] The record on appeal includes an insufficiently explained "CR2A Settlement Agreement" from the parentage proceeding that was filed with the court on April 23, 2012 that includes different language about retaining jurisdiction. CP at 249. Because it is unexplained, and because Mr. Brouillet's lawyer's statements to the court were made later, we cite to them. The language as to what jurisdiction was being retained would not make a difference, given our analysis.

The "substantial change in circumstance" that Ms. Hall alleged in the petition was that she had discovered a declaration filed by Mr. Brouillet in King County superior court proceedings involving his fiancée that suggested (along with other evidence) that he was now living in the Seattle area. Ms. Hall alleged that this was contrary to Mr. Brouillet's earlier representation to the court that he wished for his daughter to go to school in the Mead area because that is where he was living.

Upon filing her petition, Ms. Hall obtained an ex parte restraining order providing that the parties' daughter would reside with Ms. Hall until the time of a September 12 hearing and would be allowed to be enrolled in and attend school in the district in which Ms. Hall resided. Mr. Brouillet promptly moved to quash the restraining order and moved for an order shortening time so that his motion to quash could be heard on September 4. He set his motion to quash to be heard by Judge Plese.

On the day the motion to quash was to be heard, and before Judge Plese had taken any action, Ms. Hall filed a motion for change of judge that included her lawyer's certificate that he believed that "a fair and impartial trial in this case cannot be had before: [Judge] Annette Plese." CP at 57. As a result, the first matter addressed by Judge Plese upon taking the bench for the September 4 hearing was the affidavit of prejudice. After hearing arguments from both parties, Judge Plese pointed out that she had presided over the lengthy prior proceeding, which now consumed 14 volumes of court files and that in the course of that action she had retained jurisdiction over future matters. She

4

denied the motion for change of judge, which she characterized as a veiled attempt to "bypass this Court's rulings and file a new modification and get by what the Court's already heard and what the Court made ruling on." CP at 118. A motion by Ms. Hall for reconsideration was denied.

Judge Plese's written order denying the motion for change of judge was entered thereafter and included findings that (1) the petition was not a new proceeding, and (2) that the court had retained jurisdiction over the parenting plan and Ms. Hall had not attempted to appeal the retention of jurisdiction. Ms. Hall appeals.

## ANALYSIS

Motions to change judges are governed by RCW 4.12.040 and RCW 4.12.050.[2] RCW 4.12.040(1) provides that "[n]o judge . . . shall sit to hear or try any action or proceeding when it shall be established . . . that said judge is prejudiced" against any party or their interest. Under these statutes, "[a] party in a superior court proceeding is entitled to one change of judge upon timely filing an affidavit of prejudice." *In re Marriage of Tye*, 121 Wn. App. 817, 820, 90 P.3d 1145 (2004). An affidavit of prejudice

---

[2] A second basis on which to disqualify a judge who a party believes is biased is the appearance of fairness doctrine, which prevents "a biased or potentially interested judge from ruling on a case," but requires a showing of actual prejudice. *In re Marriage of Meredith*, 148 Wn. App. 887, 903, 201 P.3d 1056 (2009). Ms. Hall makes an alternative argument for disqualification of Judge Plese based on the appearance of fairness doctrine, but given our decision on Ms. Hall's right under RCW 4.12.050, we do not address it.

is timely if it is called to the court's attention "before the judge presiding has made any order or ruling involving discretion." RCW 4.12.050(1); 14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 10:9 (2d ed. 2009).

It is undisputed that Ms. Hall filed her motion and affidavit of prejudice before Judge Plese took any action on the petition for modification. The only issues are whether the petition was a "proceeding" distinct from the parentage action over which Judge Plese had earlier presided, and whether Judge Plese's earlier order retaining jurisdiction makes a difference. The determination of whether RCW 4.12.050 imposed a duty on Judge Plese to step aside under the circumstances is a question of law that we review de novo. *In re Estate of Black*, 116 Wn. App. 492, 496, 66 P.3d 678 (2003).

The Washington Supreme Court's 1954 decision in *Mauerman* and earlier cases on which it relies are controlling. In *Mauerman*, a mother filed a petition for modification of the custody provisions in her divorce decree, asserting changed circumstances. The modification proceeding was assigned to the judge who had presided over the divorce. The mother filed a timely affidavit of prejudice. When the trial court denied her motion, she obtained an alternate writ of mandate from the Supreme Court, which ordered the judge to transfer the proceeding to another department of the court or show cause for not doing so. 44 Wn.2d at 830.

In responding to the order to show cause, the judge asserted that, because the divorce action was submitted to and heard by him, he could not be disqualified from hearing the modification proceeding. *Id.* The Supreme Court disagreed. It held that

> [a] proceeding to modify the child custody provisions of a divorce decree, upon allegations of changed conditions since the entry of that decree, is a new proceeding. It presents new issues arising out of new facts occurring since the entry of the decree. It is not ancillary to or in aid of the enforcement of the divorce decree. It is a "proceeding" within the meaning of the cited statutes, and the petitioner is entitled to a change of judges as a matter of right.

*Id.* The court cited to its earlier decision in *State ex rel. Foster v. Superior Court*, in which it had held that in an action to modify the custody of a child, the petitioner was entitled to a change of judge upon filing an affidavit of prejudice because the requested modification was not "a proceeding ancillary to the divorce action or in aid of the enforcement of the final decree rendered therein," but a proceeding to "determine new rights arising out of new facts occurring since the rendering of that decree." 95 Wash. 647, 653, 164 P. 198 (1917). Accordingly, it held that it is "a 'proceeding' within the meaning of Rem. Code, § 209-1,"[3] and that the petitioner, having made his application

---

[3] The prior version of the statute contained in the Remington Code was essentially identical to that of the current RCW 4.12.040 *See* REM. 1915 CODE § 209-1 ("No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause.").

for change of judge as required by the statute, was entitled to such change "as a matter of right." *Id.*

We understand that Mr. Brouillet and Judge Plese view *Mauerman* as distinguishable. Our record reveals that both are emphatic that Ms. Hall did not, in fact, present a substantial change in circumstances, since where Mr. Brouillet spent his time—at his Seattle area home, or in the Mead area—had been addressed in the earlier action. But their skepticism about the substantive merits of Ms. Hall's petition for modification—even though well informed, and we would of course regard the judge's view as especially reliable—is irrelevant, given the statutory standard. *Mauerman* requires only that a modification petition be based upon *allegations* of changed conditions. *Mauerman*, 44 Wn.2d at 830. And it is well settled that, once prejudice is established by the filing of an affidavit, no inquiry into the facts is permissible. Rather, "[s]uch a motion and affidavit seasonably filed presents no question of fact or discretion." *State v. Dixon*, 74 Wn.2d 700, 702, 446 P.2d 329 (1968).

Because the filing of the affidavit is conclusive, the court must take the petition at face value—regardless of whether it believes the allegations contained therein lack merit. This mandate makes sense in light of the purpose of the statutory scheme governing affidavits of prejudice and change of judges: "Every lawsuit must have a loser. This will be easier to bear if, before proceedings begin, the loser had the right to remove a judge who he thought might not be fair to him." *State v. Clemons*, 56 Wn. App. 57, 60, 782

8

P.2d 219 (1989). And if a petitioner has frivolously asserted changed circumstances and new facts, that will be discovered soon enough, by the next judge.

The trial court's prior retention of jurisdiction does not change the analysis, given that Ms. Hall framed her legal action as a petition for modification under RCW 26.09.260. In arguing in the trial court that the court's retention of jurisdiction made a difference, Mr. Brouillet relied on *In re Marriage of True*, 104 Wn. App. 291, 16 P.3d 646 (2000), but the case does not help him. In *True*, the trial court in a divorce action retained ongoing jurisdiction of the case for a short period of time during which provisions of its final order would be going into effect; the appellate court held that "a trial court may retain jurisdiction over the matter for a limited period of time in order to review the efficacy of its decision and to maintain judicial economy following its order." *Id.* at 298. But the appellate court did not agree with the wife, who challenged the retained jurisdiction, that it would deprive her of her statutory right to disqualify the judge if she filed a petition for modification proceeding. If the "situation and facts so merit," it concluded that she would be free to file a petition for modification and exercise her right to disqualify the judge. *Id.* In effect, the trial court in *True* made it possible for the parties to come back to it for further review and relief *short of modification*. The trial court was powerless in *True*, and Judge Plese was powerless here, to deprive Ms. Hall of her right to file a petition for modification under RCW 26.09.260 and exercise her rights under RCW 4.12.050.

No. 31322-1-III
*In re Hall and Brouillet*

We reverse the trial court's order denying Ms. Hall's motion for change of judge and remand with directions to vacate any actions taken in the action by Judge Plese and to transfer the petition to another department of the court.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

10