

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 76049-1-I |
| | ) | |
| TERRY LYNN MCDERMOTT, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| and | ) | |
| | ) | |
| SCOTT WILLIAM MCDERMOTT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 16, 2017 |
| | ) | |

MANN, J. — Scott McDermott appeals the trial court's decisions denying his notice of disqualification filed under RCW 4.12.050 and his motion for revision of the court commissioner's decision modifying his maintenance obligation. Because the trial court erred in not recusing itself, we vacate the order on revision and remand for proceedings before a new judge.

## FACTS

Scott McDermott (Scott) and Terry Lynn McDermott's (Terry) marriage was dissolved in 2010.[1] At the time of the dissolution, Scott and Terry signed a settlement agreement where Scott agreed to pay monthly maintenance to Terry until October 2025.

---

[1] In order to avoid confusion we will use the parties' first names. We mean no disrespect.

In March 2013, Scott sustained a back injury that rendered him unable to work in his current employment. As a result, Scott fell behind on his maintenance payments. Scott eventually found work earning significantly less than before and moved to modify his maintenance obligation to reflect his current income.

On November 13, 2014, the trial court modified Scott's monthly maintenance obligation reducing it to "50% of his income." The trial court also ordered Scott to "pay 50% of his tax refund annually" to pay off the maintenance he owed in arrears. To ensure Scott continued to pay 50 percent of his income, the trial court stated there "may be an annual review every November" for Scott to "provide his W-2's, 1099's, and tax returns." The trial court also ordered Scott to notify Terry within seven days of his mother's passing, on the grounds that his mother may leave him a sizeable estate.

In November 2015, Scott notified Terry of his mother's death. Terry brought a motion for supplemental proceedings to determine if Scott was able to satisfy the maintenance arrears he still owed under the 2014 order. A superior court judge found Scott had the means to repay the amount owed in arrears. The judge continued the supplemental proceeding to May 6, 2016, unless the arrears were paid before then. Scott paid the amount owed and the court issued a satisfaction of judgment order.

On May 6, 2016, Terry filed a petition to modify Scott's maintenance obligation, citing the inheritance Scott received from his mother's death. The petition sought to modify the November 13, 2014 order modifying maintenance. The matter was heard by a King County Commissioner. The commissioner granted the petition, determined there had been a substantial change in circumstances, and increased the monthly maintenance.

Scott filed a motion to revise the commissioner's ruling. The revision hearing was assigned to the same trial court judge that heard the supplemental proceeding for the November 2014 order. Scott immediately filed an affidavit of prejudice under RCW 4.12.050. The judge denied the motion, holding recusal was unavailable on the grounds that "this court has made [a] prior ruling in the cause number." Scott filed a motion for reconsideration that the judge denied, again holding "this court has made a discretionary ruling previously in this matter. To wit: court found defendant had the means to pay a financial judgment." The judge denied Scott's motion for revision. Scott appeals.

## ANALYSIS

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050." RCW 4.12.040(1). A party has the right to disqualify a trial judge for prejudice, without substantiating the claim of prejudice. State v. Gentry, 183 Wn.2d 749, 759, 356 P.3d 714 (2015). "In order to establish prejudice, a party must file a motion supported by an affidavit indicating that the party 'cannot' or 'believes' that it cannot 'have a fair and impartial trial before such judge.'" RCW 4.12.050(1). The "notice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case." RCW 4.12.050(1)(a).

It is undisputed that Scott filed his motion and affidavit of prejudice in accordance with RCW 4.12.050, before the judge had made any rulings in the modification hearing. The issue before this court is whether the modification proceeding was a new "proceeding," distinct from the supplementary proceeding in which the judge had made

a discretionary ruling. The determination of whether RCW 4.12.050 imposed a duty on the judge to recuse is a question of law we review de novo. State v. Lile, 188 Wn.2d 766, 775-76, 398 P.3d 1052 (2017).

Under RCW 4.12.040 and 4.12.050, once the original case has gone to final judgment, the statutes become "applicable to any subsequent proceeding in the original case." Bedolfe v. Bedolfe, 71 Wash. 60, 61, 127 P. 594 (1912). "In applying RCW 4.12.050, the appellate decisions use the phrase 'a new proceeding' to indicate that it is not 'in the case.'" State v. Clemons, 56 Wn. App. 57, 59, 782 P.2d 219 (1989). This court has acknowledged this discrepancy and determined there is "no substantive difference: a finding that the matter is 'a new proceeding' means that it is not 'in the case.'" Clemons, 56 Wn. App. at 59.

To determine whether the modification proceeding entitled Scott to recuse the judge, we apply the analytic framework developed in State ex rel. Mauerman v. Superior Court for Thurston County, 44 Wn.2d 828, 830, 271 P.2d 435 (1954); See also State v. Belgarde, 119 Wn.2d 711, 717, 837 P.2d 599 (1992). In Mauerman, our Supreme Court considered whether a proceeding to modify a parenting plan was a "new proceeding" or "new case" under RCW 4.12.040. The Court ruled a proceeding to modify a parenting plan was a new proceeding because it "presents new issues arising out of new facts occurring since the entry of final judgment," and is neither ancillary to nor in aid of the enforcement of the original judgment. Mauerman, 44 Wn.2d at 830; Belgarde, 119 Wn.2d at 717.

The Mauerman court relied on the plain language of RCW 26.09.260, which limits parenting plan modifications to situations where the court finds "a substantial

change has occurred" on the "basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time." RCW 26.09.260. This line of reasoning is applicable in this case as well because as the statute that regulates modification of maintenance has similar limitations, allowing a modification "only upon a showing of a substantial change of circumstances." RCW 26.09.170(1)(b). As both statutes require a "change in circumstances," or new facts, before a modification will be permitted, the modification proceeding for both is a "new proceeding" under RCW 4.12.040.

Terry argues that the modification in this case proceeding was not a new proceeding because the parties had anticipated that the mother's death would change Scott's financial circumstances, meaning it was not based on "new facts occurring since the entry of final judgment." A similar argument was specifically rejected by this court in In re Parenting Plan of Hall, 184 Wn. App. 676, 683, 339 P.3d 178 (2014). In Hall, the court ruled "Mauerman requires only that a modification petition be based on allegations of changed conditions." Hall, 184 Wn. App. at 683. Washington courts have long held prejudice is deemed established once a party timely complies with the terms of RCW 4.12.050. Marine Power & Equip. Co., Inc. v. Indus. Indem. Co., 102 Wn.2d 457, 460, 687 P.2d 202 (1984); State v. Dixon, 74 Wn.2d 700, 702, 446 P.2d 329 (1968). "Once prejudice is established . . , no inquiry into the facts is permissible." Hall, 184 Wn. App. at 683. "If a petitioner has frivolously asserted changed circumstances and new facts, that will be discovered soon enough, by the next judge." Hall, 184 Wn. App. at 683.[2]

---

[2] The court explained "Because the filing of the affidavit is conclusive, the court must take the petition at face value—regardless of whether it believes the allegations contained therein lack merit." Hall, 184 Wn. App. at 683.

Terry framed her legal action as a petition for modification. Consequently, whether the modification proceeding demonstrated a "change in circumstances," or was "based on new facts'" goes to the merits of Terry's modification proceeding, and has no effect on whether the modification proceeding was a new proceeding. RCW 4.12.040 is mandatory, not discretionary. State v. Parra, 122 Wn.2d 590, 594, 859 P.2d 1231 (1993).

We hold the modification proceeding was a new proceeding under Mauerman, and therefore, Scott was entitled to a change of judge as a matter of right. Mauerman, 44 Wn.2d at 830.[3] We reverse the trial court's order denying Scott's motion for change of judge, vacate the October 28, 2016, order on revision, and remand for proceedings before a new judge.

_Mann, J._

WE CONCUR:

_Appelwick, J_        _Becker, J_

---

[3] Scott asks that we address the merits of his remaining claims "insofar as they are likely to recur on remand." See In re Marriage of Rockwell, 157 Wn. App. 449, 454, 238 P.3d 1184 (2010). We decline to do so. While appellate courts will consider purely legal issues that will "recur on remand," the remaining issues in this case are discretionary and must be reserved for determination by the trial court.