IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JESSICA LEE BODGE, | ) | No. 78055-7-I |
| | ) | (Consolidated with 78157-0-I, |
| Appellant, | ) | 78384-0-I, 78583-4-I, |
| | ) | 78854-0-I) |
| v. | ) | |
| | ) | DIVISION ONE |
| BRIAN EUGENE BODGE, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |
| | ) | FILED: November 18, 2019 |

HAZELRIGG-HERNANDEZ, J. — Jessica Lee Bodge seeks reversal of an order denying her motion for a change of judge in a parenting plan modification action. Because the modification action was a separate proceeding from the action in which the parenting plan was entered and she requested a change of judge before any rulings had been issued in the modification, she was entitled to the relief sought. We reverse and remand with instructions to vacate any subsequent rulings by the disqualified judge in the modification action.

## FACTS

On September 27, 2017, final orders, including a final parenting plan, were entered in the divorce of Jessica and Brian Bodge. The following February, Jessica[1] filed a petition to modify the parenting plan. The same day, she filed a

---

[1] For clarity, the parties will be referred to by their first names. We intend no disrespect.

motion for change of judge and affidavit of prejudice stating her belief that she would not receive a fair and impartial hearing before Judge Eric Lucas.

On March 21, 2018, a superior court commissioner ruled that Jessica had not presented sufficient facts to establish adequate cause to modify the parenting plan and granted Brian's cross-motion for CR 11 sanctions and attorney fees. Jessica filed a motion for revision of the commissioner's orders. Judge Lucas denied the motion for revision on April 12, 2018.

On May 4, 2018, the court denied Jessica's motion to recuse Judge Lucas, stating:

> This court retained jurisdiction in this matter. There has been no break in that jurisdiction that would provide an opportunity to affidavit the judge. Moreover, this is a continuing enforcement action of the trial court's prior orders. That a litigant is unhappy with the decision of the court is not a basis for recusal for bias. It is at most a basis for appeal.

Jessica then filed another petition to modify the parenting plan. On August 2, 2018, the superior court denied Jessica's motion for adequate cause and dismissed the second petition to modify the parenting plan. The order stated that the court lacked jurisdiction over the modification matter because "the Parenting Plan Petitioner seeks to modify is under review by the Washington Court of Appeals Division I." On June 14, 2019, Judge Lucas recused himself from the case, citing his inability to be effective in the case going forward.

Jessica filed numerous notices of appeal seeking review of multiple rulings by the superior court. All of her appeals were consolidated into the instant case. [2]

---

[2] The parties submitted briefing on the appealability of some of the challenged orders to a commissioner of this court, but did not fully argue the issue of appealability. We accept review

- 2 -

## DISCUSSION

I.    Disqualification of Judge

Jessica contends that the court erred in ruling that the parenting plan modification action was not a "new action" for purposes of RCW 4.12.040 and .050 and denying her motion for a change of judge.

As an initial note, Brian argues briefly that this issue is rendered moot by Judge Lucas' voluntary recusal from this matter on June 14, 2019. "A case is technically moot if the court can no longer provide effective relief." State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). Jessica responds that the issue is not moot because Judge Lucas made rulings after he was properly disqualified that are still in effect, including an order awarding Brian attorney fees. Because those orders were not vacated when Judge Lucas voluntarily recused himself, we can still provide relief and will consider the merits of the argument.

Appellate courts "interpret statutes as they are plainly written, unless a literal reading would contravene legislative intent by leading to a strained or absurd result." Marine Power & Equip. Co. v. Indus. Indem. Co., 102 Wn.2d 457, 461, 687 P.2d 202 1984). We review de novo whether a judge was statutorily disqualified from hearing a case. In re Parenting Plan of Hall, 184 Wn. App. 676, 681, 339 P.3d 178 (2014).

Subject to certain limitations, a party to an action in superior court may disqualify a judge from hearing a matter by filing a notice of disqualification before the judge has made any discretionary ruling in the case. RCW 4.12.050(1).

---

without deciding the appealability of these orders and deny Brian's request to dismiss the notices of appeal.

Provided the statutory requirements are met, disqualification is available as a matter of right. State v. Chamberlin, 161 Wn.2d 30, 41, 162 P.3d 389 (2007). No party may disqualify more than one judge per matter. RCW 4.12.050(1)(d). A judge may not sit to hear or try any action or proceeding from which they have been properly disqualified. RCW 4.12.040(1).

The current versions of the disqualification statutes went into effect on July 23, 2017. Laws of 2017, ch. 42, § 2. The previous statutory scheme required a party seeking a change of judge to file a motion and supporting affidavit stating "that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial before such judge." Former RCW 4.12.050 (2009). The party was not required to substantiate the claim of prejudice and was entitled to one change of judge as a matter of right on a timely motion and affidavit. Chamberlin, 161 Wn.2d at 41.

Washington courts have long recognized a petition to modify a parenting plan as a new action for purposes of RCW 4.12.040 and .050:

> A proceeding to modify the child custody provisions of a divorce decree, upon allegations of changed conditions since the entry of that decree, is a new proceeding. It presents new issues arising out of new facts occurring since the entry of the decree. It is not ancillary to or in aid of the enforcement of the divorce decree. It is a 'proceeding' within the meaning of the cited statutes, and the petitioner is entitled to a change of judges as a matter of right.

State ex rel. Mauerman v. Super. Ct. for Thurston Cty., 44 Wn.2d 828, 830, 271 P.2d 435 (1954). Division Three of this court recently found this rule to require "only that a modification petition be based on allegations of changed conditions[,]"

- 4 -

regardless of the merits of the petition. Hall, 184 Wn. App. at 683 (emphasis omitted). Because the petition to modify is a new action, a party is entitled to a change of judge even if the trial judge has retained jurisdiction in the underlying case. Id.; In re Marriage of Rounds, 4 Wn. App. 2d 801, 807, 423 P.3d 895 (2018).

Jessica filed an affidavit of prejudice and motion for change of judge on the same day that she filed the initial petition to modify the parenting plan based on changed circumstances. Although the pleadings she submitted comported with an outdated version of the relevant statutes, they were sufficient to provide notice that she was seeking disqualification of Judge Lucas. Because the modification action was a new proceeding under RCW 4.12.050 and Judge Lucas had not made any rulings in the action, Jessica was entitled to a change of judge as a matter of right. The court erred in denying the motion for a change of judge.

II.    Subsequent Orders

Jessica next argues that, because the superior court judge should have recused himself after she filed the first affidavit of prejudice, all subsequent orders entered by that judge in the parenting plan modification action are void. When a party properly disqualifies a judge from an action, "the judge loses all jurisdiction over the case." State v. Cockrell, 102 Wn.2d 561, 565, 689 P.2d 32 (1984). If the court improperly denied a motion for a change of judge, any actions taken by that judge in the matter should be vacated on remand. See Hall, 184 Wn. App. at 684.

Jessica clarifies in her reply that she is seeking vacation only of Judge Lucas' subsequent orders in the parenting plan modification action, not any other

orders related to enforcement of the parenting plan. The only orders that she challenges are the April 12, 2018 order denying revision of the commissioner's ruling and awarding Brian attorney fees and the portion of the May 4, 2018 order denying the motion to recuse. Because we have ruled that the motion for change of judge was denied in error, the portion of the May 4, 2018 order denying the motion is reversed.

After the motion for change of judge and accompanying affidavit of prejudice were filed, Judge Lucas was divested of authority to enter orders in the modification action. The April 12, 2018 order concerned a motion for revision of the commissioner's ruling dismissing the petition to modify the parenting plan and awarding Brian sanctions. Acts of commissioners are subject to revision by the superior court. RCW 2.24.050. When a party moves for revision, the superior court reviews the commissioner's findings of fact and conclusions of law de novo. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). The superior court's ruling on revision is reviewable by this court, but the commissioner's ruling is not. Id.

The order on revision concerned a commissioner's ruling on the modification petition and is therefore part of the separate modification action from which Judge Lucas was disqualified. Accordingly, the April 12, 2018 order on revision must be vacated. Because we are reviewing only the court's ruling on the motion for revision, the commissioner's underlying order is not disturbed.

III.     Dismissal for Lack of Jurisdiction

Jessica also contends that the court erred in dismissing her second parenting plan modification action for lack of jurisdiction because the parenting plan was under review by this court.

After review of a case has been accepted by the appellate court, the trial court has limited authority to act in that case. RAP 7.2(a). The trial court retains the authority to hear and determine "actions to change or modify a decision that is subject to modification by the court that initially made the decision." RAP 7.2(e)(2). The trial court will hear the motion to modify and decide the matter. Id. If the trial court's decision on the motion to modify will change the ruling under review by the appellate court, "the permission of the appellate court must be obtained prior to the formal entry of the trial court decision." Id.

The trial court is empowered to modify a parenting plan if a substantial change in circumstances has occurred and the modification is in the best interest of the child. RCW 26.09.260(1). Because the trial court had the authority to modify the parenting plan, the court erred in determining that it was unable to hear the motion to modify while the parenting plan was under review.

We reverse the portion of the trial court's August 2, 2018 order dismissing the petition to modify the parenting plan for lack of jurisdiction, reverse the portion of the May 4, 2018 order denying the motion for change of judge, and remand with instructions to vacate the April 12, 2018 order on revision and transfer the petition to another department of the court.[3]

---

[3] Because Brian is not the prevailing party, his requests for sanctions and attorney fees and costs are denied.

Reversed and remanded.

WE CONCUR: