IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br>SCOTT R. HAGERMAN,<br><br>　　　　　　　　Respondent,<br><br>　　　and<br><br>TARA BEVAN,<br><br>　　　　　　　　Appellant. | No. 80990-3-I<br><br>DIVISION ONE<br><br><br>UNPUBLISHED OPINION |

PER CURIAM — Under RCW 4.12.040(1), "[n]o judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050." Under RCW 4.12.050(1), any party may disqualify a judge subject to the following limitations relevant here: "(a) [n]otice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case" and "(d) [n]o party . . . is permitted to disqualify more than one judge in any matter."

A motion to modify a parenting plan under RCW 26.09.260 initiates a new proceeding in which a party is entitled to a new judge as a matter of right under the foregoing statutes. In re Marriage of Rounds, 4 Wn. App. 2d 801, 807, 423 P.3d 895 (2018). Even though a trial judge may in an appropriate case retain jurisdiction to resolve disputes arising under a parenting plan, the judge is " 'powerless' " to deprive a party of their statutory right to a new judge in a

proceeding to modify the parenting plan. Rounds, 4 Wn. App. 2d at 807 (quoting In re Hall, 184 Wn. App. 676, 684, 339 P.3d 178 (2014)). We review de novo whether a trial judge is under a duty to step aside in accordance with RCW 4.12.040 and .050. Hall, 184 Wn. App. at 680-81.

Here, after making rulings in an ongoing dispute between Tara Bevan and Scott Hagerman arising from a 2016 final parenting plan, the trial judge retained jurisdiction to resolve further disputes in the case. Subsequently, on December 19, 2019, Hagerman filed a petition to modify the 2016 parenting plan. Four days later, Bevan filed a notice of disqualification as to the trial judge who had retained jurisdiction. The judge refused to disqualify himself even though he had made no rulings since Hagerman filed the modification petition and even though Bevan had not disqualified another judge in the modification proceeding. Under the authorities cited above, this was error.

We are unpersuaded by Hagerman's argument that the modification petition was merely a continuation of earlier proceedings arising under the 2016 parenting plan. See State ex rel. Mauerman v. Thurston County Superior Court, 44 Wn.2d 828, 830, 271 P.2d 435 (1954) ("A proceeding to modify the child custody provisions of a divorce decree, upon allegations of changed conditions since the entry of that decree, is a new proceeding. . . . It is a 'proceeding' within the meaning of the cited statutes,[1] and the petitioner is entitled to a change of judges as a matter of right."). We are also unpersuaded by Hagerman's

---

[1] The "cited statutes" were REM. REV. STAT. § 209-1 and REM. REV. STAT. § 209-2 (Supp. 1941) (codified with slight changes in RCW 4.12.040 and .050). See Mauerman, 44 Wn.2d at 829.

argument that Bevan waived her statutory right to a new judge by acceding to the trial judge's entry of certain rulings after he denied Bevan's disqualification request and before this court granted Bevan's request for a stay of further modification proceedings pending the resolution of our review.

We reverse and remand to the trial court with instructions to transfer the modification proceeding to another department of the superior court pursuant to RCW 4.12.040(1). Because Bevan did not file a timely financial affidavit as required under RAP 18.1(c), we deny her request for an award of attorney fees under RCW 26.09.140.[2]

FOR THE COURT:

_Appelwick, J._

_Chun, J._

_Smith, J._

---

[2] Bevan also requests an award of costs. This request should be directed to a commissioner or court clerk as provided in Title 14 RAP.